cause to search the truck and open the crates, and Benavides's consent was not required.[2]

For these reasons, I would affirm the district court's denial of Benavides's motion to suppress.

UNITED STATES of America, Plaintiff–Appellee

v.

Daniel FISHER, Defendant–Appellant.

No. 08–10124

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 27, 2008.

Jennifer K. Brown, U.S. Department of Justice Tax Division, Washington, DC, for Plaintiff–Appellee.

Daniel Fisher, Federal Correctional Institution, Seagoville, TX, pro se.

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM: *

AFFIRMED. *See* 5TH CIR. R. 47.6.

UNITED STATES of America, Plaintiff–Appellee

v.

Eliseo IBARRA, Defendant–Appellant.

No. 07–51141

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 27, 2008.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Jacques Lawrence De La Mota, Delamota & Company, Del Rio, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

---

2. Because the search of Benavides's vehicle was justified by probable cause, I do not reach the issue of whether Benavides's consent to the search was voluntary. Nevertheless, it is worth noting that Benavides's argument that his consent was involuntarily given is inconsistent with his testimony at the suppression hearing, where he stated that he had enough education to read and understand the consent form, that he in fact understood the form, and that he knew he had the right to refuse to sign it. *See United States v. Jones,* 234 F.3d 234, 242 (5th Cir.2000) (noting the six factors typically examined by this court in assessing voluntariness of consent: "1) the voluntariness of the defendant's custodial status; 2) the presence of coercive police procedures; 3) the extent and level of the defendant's cooperation with the police; 4) the defendant's awareness of his right to refuse consent; 5) the defendant's education and intelligence; and 6) the defendant's belief that no incriminating evidence will be found").

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.